UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

**FILED**

JAN - 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ARNOLD L. JACKSON - Pro-se #37508-037
Plaintiff,

P.O. Box 2000
White Deer, PA 17887

v.

BILLY L. PONDS, et,al.
THE PONDS LAW FIRM
3218 O Street, N.W.
Suit - Two
WASHINGTON, D.C. 20007

and

MICHELLE ANAPOL
THE PONDS LAW FIRM
3218 O. Street, N.W.
Suit - Two
WASHINGTON, D.C. 20007

and

JOSEPH CONTE, Esq.
400 Seventh Street, N.W.
Suit 400
WASHINGTON, D.C. 20004 - 2206
         Defendants

All the above named Defendants
are being sued in thier Individual
capacity

Case: 1:08-cv-00025
Assigned To : Robertson, James
Assign. Date : 1/7/2008
Description: Pro Se General Civil

JURY ACTION

ASSUMPSIT CIVIL ACTION

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C. 1983

JURY TRIAL DEMANDED

**RECEIVED**

NOV 20 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

**PRELIMINARY STATEMENT:**

This is a 42 U.S.C. 1983 Civil Rights Complaint for the Assumpsit action for the Breach of Contract (Malpratice) being filed by the Plaintiff Arnold L. Jackson, who is presently a federal Prisoner which the Plaintiff seeks Compensatory, Punitive, Exemplary damages and Injuctive relief under 42 U.S.C. § 1983, which the plaintiff is alledging Counsel's (Breach of Contract), Malpractice, Fraud, Unauthorized Practice of Law, Misconduct by engaging in dishonesty, deceit, and Misrepresentation in Violation of the plaintiff's Fifth, Sixth, Eighth, Fourteenth Amendments in violation of the Due Process Clause and Equal Protection Clause to the United States Constitution.

**JURISDICTION:**

1. The United States District Court has Jurisdiction over the Plaintiff's complaint of Violations of Federal Constitutional rights under 42 U.S.C § 1983 and 42 U.S.C. § 1331 (a) and 1332, 1343, 1441, and the D.C. Rules of Proffessionnal Conduct

**PARTIES:**

2. The Plaintiff Arnold L. Jackson is a life time resident of the District of Columbia. At all times relevant to this complaint the plaintiff was on bond from a Indictment handed down in Criminal case number U.S. v. Arnold L. Jackson, 02-02267 from the (Western District of Virginia".) during the events discribed in this Complaint.

( 2 )

3. Defendnat, Billy L. Ponds is a Practicing ("Criminal") attorney a member of the District of columbia Bar Association owner of the Ponds Law Firm, (A Professional Corporation") located at 3218 O. Street, N.W. Suit - Two, Washington, D.C. 20007. He is being sued in his Individual Capacity.

4. Defendant, Joseph Conte, Esq. is a ("Criminal") attorney located at 400 Seventh Street, N.W. Suit 400, Washington, D.C. 20004. Mr. Conte is admitted to the Bar in the District of Columbia and the State of Virginia. He is being sued in his Individual Capacity.

5. Defendant Michelle Anapol is a Secretary employed by the Ponds Law Firm located at 3218 O. Street, N.W. Suit- Two, Washington, D.C. 20007. Ms. Anapol is responsible for numerous Job duties which included the writing of the retainer agreement between the Plaintiff and her employor Billy L. Ponds, She was also a witness to the misconduct and intentional misrepresentation under fraud to the theft's of property known to her being performed by her employer. She is Being sued in her Individual Capacity.

6. All the defendnats have acted, and contunue to act, Under Color of Law and to deprive Plaintiff of his Life, Liberty, and Property without due Process at all times mentioned in this Complaint.

**Facts:**

7. Plaintiff Arnold L. Jackson, is a 34 Year old life time resident of the District of Columbia and a citizen of this city, The Plaintiff brought property in the State of Maryland in 1998. And was subsequently arrested at his fiance's home and taken to the Federal Court House in Green Belt, Maryland and was assigned case No. (02-2267) JKS, and was assigned Public Defender Andrea Dennis Callaman, By Judge Jillyn k. Schulze United States Magistrate Judge on August 7th, 2002.

(3)

8. Plaintiff, was released into the custody of Charlene L. Young, with several additional conditions of release, mainly to submit to electronic monitoring program.

9. The Plaintiff was indicted by the Western District of Virginia in a superceding indictment on (One count of Conspiracy to Distribute) and (Possession with the intent to distribute 50 Grams or more), of a mixture of Cocaine base, or Crack." a schedule II controlled substance, in violation of Title 21, United States Code, Section 841 (a)(1). In violation of Title 21, United States Code, Section 846.

10. The Plaintiff, sought the Professional assistance of counsel Billy L. Ponds, of the Ponds Law Firm to represent the Plaintiff in the above Criminal charged indictment on or about October 11th, 2002 for legal representation by attorney Ponds. If convicted, he faced the prospect of spending much, if not all of the remainder of his life in prison. The stakes were therefore exceptionally high. A Conspiracy to distribute is a serious business, and a lawyer who defends a Drug case assumes an awesome responsibility. The quality of representation required of counsel must surely reflect the nature of the task at hand and the potential consequences to the client of an inadequate defence or no defence at all FREDERICK v. UNITED STATES, 471 A.2d 427 (D.C. 1991). The pending case plaintiff sought the assistance from Mr. Ponds was for the United States District Court for the Western District of Virginia. [ U.S. v. United States, 02-02267]

11. The Plaintiff, informed counsel that his legal case was in the State of Virginia after discussing my legal issues Mr. Ponds agreed to accept my case and a retainer Agreement was drawn up "again" after it was understood that my case was being heard in the [Western District of Virginia and not in the District of Columbia]. At which time Mr. Ponds assured me that he could represent me in the state of Virginia, and that he was licensed to practice in the State of Virgina, Maryland, and D.C. and that he was one of the only criminal Trial attorney's to win a Drug case similar to mine in the State of Virginia, I

(4)

informed counsel Ponds that I was actually innocent of the charged offence in the Indictment and that I was going to trial.

12. Mr Billy Ponds, fraudulently lead me to believe that he was licenced to Practice law in the State of Virginia and charged me a legal fee of initially 50.000 dollars, my Mother and Fiance gave Mr. Ponds a total of 8,000 toward the 50.000. Mr. Ponds upon actually seeing that I could pay the fee raised the Fee to 60,000 dollars and told me the previous 8,000 did'nt count towards the 60,000 dollars, the 8,000 dollars was his fee for my initial visit and he also stated he charged a total of $ 500.00 dollars an hour for office visits Mr. Billy Ponds received atotal of 20,800 dollars.

13. So, technically I was charged a legal fee of $ 60,000 dollars in a non-refundable payment in the amount of $ 24,000 to be paid by October 22, 2002, Prior to the commence of legal representation in the above mentioned case, leaving the remaining balance some where in the area of $ 40,000 dollars.

14. Mr. Ponds drafted the contract agreement so that the Plaintiff would have to pay the remaining balance of $ 36,000 dollars by December 1, 2002. The contract also goes to state that in the event that the client is financiallu unable to remit the balance of $ 36,000 or any part thereof, in lieu of paying the remaining balance, Plaintiff agrees to assign the entire interest in the property located at 6704 Allenwood Road, Camp Springs, Maryland to the ponds Law Firm and it's designated entity. As payment of the balance, Plaintiff agrees that he will transfere the property located at 6704 Allentown Road, Camp Springs, Maryland to the Ponds Law Firm The client further agree that he will excute a Quit Claim Deed and any other related documents to the transfer of the property located at 6704 Allentown Road, Camp Springs Maryland to the Ponds Law firm. The plaintiff agree that and acknowledges that the transfere of the above - referenced property will satisfy the balance of the fee for legal representation in case Number (02-02267 JKS.

This arrangement is contingent upon the following; a clear Title search, no liens, tax or otherwise, on the property and based on counsel's understanding that the remaining balance is $ 114,000.00, that the property is appraised at $ 165,000.00. If Plaintiff does not meet any one of the afore-mentioned conditions. The Ponds Law Firm can consider that this agreement is void and terminate all services on behalf of Plaintiff. (Retainer Agreement ¶¶ 1-2).

15. <u>MALPRACTICE:</u>  <u>Duty of the Lawyer to a client</u>

Legal Malpractice.   A Lawyer's to render professional service with the skill, prudence, and diligence that an ordinary and reasonable lawyer would use under similar circumstances.

An attorney who fails in his or her duty, causing actual loss to the client, <u>BROSIE</u> v. <u>STOCKTON</u>, 105 Ariz, 468 P2d 933. is liable for the damages sustained.

Plaintiff, asserts and contend that he retined attorney Ponds to represent him in the above mentioned Felony criminal case which required a reasonable amount of skill for the Indicted charges of Conspiracy and other related charges counsel failed to investigate, interview any of the expert witnesses or any of the witnesses involved in this case nor investigate the alledged crime scene in violation of ABA Canon Rule [EC] 6-1, and DR 6-101 (A)(2)(3) and EC 7-1, Furthmore counsel failed to obtain expert witness for the defense, or to contact witness for the defense after being informed to do so by this client.

16. Counsel, charged plaintiff for attorney's Services, Investigative Service, Legal Intern, and Paralegal assistance. See, (Retainer Agreement ¶¶ 2-3) as well as other counsel hired which Ponds never informed plaintiff he was hiring ( Retainer Agreement ¶¶ 4). In violation of DR 2-107 (a)(1)(2)(3). <u>Division of Fees Among Lawyers.</u>

(6)

**FRUAD**  DR 1-102 (a)(4) [MISCONDUCT]

17. Plaintiff, asserts and contend that counsel Billy L. Ponds, intentionally commited fraud when he knew or should have known that he could not practice Law in the State of Virginia because he was not licensed to do so pursuant to the Professional Rules of Conduct. Attorny Ponds Fraudulently conviced the plaintiff that he would be able to represent plaintiff in criminal case number 02-02267 in the United States District Court for the Western District of Virginia.

Pursuant to the Fourth Circuit Rule 46 (b). <u>Admission to Practice</u>.

> Only attorney's admitted to the bar of this court may practice before the Court.
>
> Furthermore, an attorney may be named on brief filed in this court without being admitted to bar of the Fourht Circuit, provided that at least one lawyer admitted to practice in this court also appears on the brief. Any other document submitted by an attorney who is not a member of the bar of the Fourth Circuit will be assepted for filing conditioned on his or her qualifying for membership within a reasonable time.

Attorney Ponds was not licensed to practice in the State of Virginia nor a member of the Virginia Bar and commited fraud upon the court by fraudently representing the plaintiff in a criminal case when he knew he was not authorized to practice law in the state of virginia. in violation of Cannon 3. A Lawyer should Assist in preventing the Unauthorized Practice of Law.

18. Defendant, Michelle Anopol, is the secretary for the Ponds Law Firm and is responsble for a number of duties, in this instant case Ms. Anaople assisted Mr. Ponds in his misrepresentation and the mentioned fraudulent acts to cheat out of deliberate indifference the plaintiff out of his monies and Property by intentionally drawing

(7)

up a retainers agreement to defraud the plaintiff of his funds (monies) knowing that He (Mr. Ponds) could not practice law in the state of Virginia. Because she is a long time employee of the Ponds Law firm and assist's in the [Ponds] Law firm and Knows the Firms illegal Practice's. Ms. Anapol also assisted in the drafted retainer's agreement **and** the (QUITCLAIM DEED) of the plaintiff's Property at 6704 Allenwood Road, Camp Springs, Maryland whose legal description is lot number Twenty (20) in the block lettered "U", in the subdivision known as "Section Six", WESTCHESTER ESTATES", as per plat thereof recorded among the land records of Prince Georges County, Maryland in Plat Book WWW 37 at Folio 82. (QUITCLAM DEED ¶¶ 1-5) signed February 25, 2004.

19. Defendant, Joseph Conte, Esq. was appointed by counsel Billy L. Ponds for the purpose of using his license in the Federal Court in the Western District of Virginia in case number 02-02267 JKS.

Plaintiff asserts and contends that he was paying the fee of Mr. Conte and had a right to know who was representing him which the plaintiff was never informed by Conte or Ponds that Mr. Conte was retained for the purpose soly because he had a license in the State of Virginia. Counsel Conte had a ethical duty to inform plaintiff that he had been retained for his license and that Billy Ponds was not licensed in Virginia.

## CLAIMS FOR RELIEF:

20. The actions of defendant Ponds for his misleading, misrepresenting, Fraudulently informing the Plaintiff that he was experienced to handle the plaintiff's Conspiracy Drug case which he was indicted in the Western District of Virginia knowing all the time he was not licenced to practice in Virginia in violation of DR 1-102 Misconduct (3)(4) EC 2-13, EC 2-18, EC 2-19 in violation of the Sixth, Fourteenth Amendment to the United States Constitution.

21. The actions of defendant, Billy Ponds failed to prepare any defense, interview any witnesses defense or Prosecution, file any Pre-trial motions, Investigat, or hire any Investigative services and out of deliberate indifference mislead the plaintiff in to believing he was licensed to practice law in the state of Virginia, file any motions to suppres the alledged evidence and for conceeding to the prosecutions evidence against other defendants to obtain a guilty verdict on the plaintiff knowing the plaintiff was actualy innocent of all the above criminal charges constituted a constitutional violation of plaintiff's Sixth, Fourteenth Amendment and Equal protection of the Law. In violation of CANON 6. Lawyer should Represent a Client Competently EC 6-1, EC 6-3, EC 6-4.

DISCIPLINARY RULES
DR 6-101 Failing to Act Competenty.
(1),(2)(3)
CANON 7. A Lawyer should Represent a Client Zealously Within the Bounds of the Law
EC 7-1, EC-7-5, EC 7-8

22. The actions of defendant Billy L. Ponds in his intentional denial to effectively represent the defendant in violation of plaintiff's Constitutional right to effective assistance of counsel in violation of the Sixth, Fifth, Amendments right to the effective assistance of counsel and equal protection and due process of the Law.

by not performeing the agreed upon services in the Contract between the plaintiff and the defendant and misleading plaintiff into believeing he could represent plaintiff in a out of State case, the defendants negative actions caused plaintiff to suffer a Life Sentence, financial damages of 24,000.00 dollars, plus expenses contingent upon the defendant Ponds agreement to perform an array of services which as retained counsel was never performed by Billy Pond and the Ponds Law Firm.

23. Specifically, plaintiff retained, hired counsel Billy Ponds of the [Ponds Law Firm] to represent him in a Criminal indicted Felony case in the Western District of Virginia, again was charged initially 60,000.00 dollars counsel ponds re-hired separate counsel to try the case and actually acted as a middle man and retained most of the Plaintiff's funds an home.

24. The actions of Joseph Conte, Esq. excepted a fee to allow attorney Ponds to utilize his license to be in the Western District Federal Court acting as counsel for the Plaintiff, Counsel Conte had a ethical duty pursuant to DR 2-107 Division of Fees Among Lawyers. (a)(1)(2)(3) and DR 2-109 Acceptance of Employment (a)(1)(2) to inform Plaintiff that he was being paid to represent the plaintiff as Co-Counsel in violation of plaintiff's Sixth, Fourteenth Amendment rights.

25. The actions of Michelle Anopol, Joseph Conte, Billy Ponds in thier collective actions out of deliberate indifferenc to defraud, intentionally mis-lead, and steal the plaintiff's funds and property without due process and the intentional plan not to represent the plaintiff in a criminal case which would deprive him of life, liberty, and property in violation of his Sixth, Fourteenth, and Eighth Amendment right to Crual and Unusual Punishment in violation of the United States Constitution.

(10)

Relief Requested:
---

WHEREFORE, plaintiff request that the court grant the following relief:

A. Issue a declatory judgement stating that :

1. The intentional mis-representation by attorney Ponds actions in misleading by the deceptive act of informing plaintiff with the intent of taking monies knowing he was not licensed to Practice in the State of Virginia in violation of the plaintiff's Due Process, and Equal Protection.

2. Defendant Conte's failure to inform plaintiff that he was being hired to represent plaintiff by Ponds as a means to use his License in violation of DR 2-107 (A)(1)(2)(3) and DR 2-109 (a)(1)(2) in violation of Plaintiffs Sixth Amendment right.

3. Defendant Anopol's actions in drafting, assisting, in the deceitful legal practice which she Know's or should Know is cheating, Stealing, and illegally relieving unsuspecting client of thier monies, Homes, and other Properties in violation of the Equal Protection Clause of the United States Constitution.

B. Issue an Injunction ordering defendant Billy Ponds of the Ponds Law firm to:

1. Immediately return all monies received for the representation of the Plaintiff which he was not legally able to except in the State of Virginia where he is not licensed to practice Criminal Law.

2. Immediately arrange for the Plaintiff's Property to be returned to the Plaintiff located at 6704 Allentown Road, Camp Springs, Maryland for the deceptive practices of Ponds.

D. Award compensatory damages in the following amounts:

1. $ 500,000,000 jointly and severally against defendants Ponds, Conte, Anopol for the deceptive practice of law which resulted in the Plaintiff being convicted of a crime because of the lack of and fialure to investigate, interview and adheare to the terms of the agreement of the contract between the plaintiff and the defendants in violation of the plaintiff's Sixth Amendment.

2. $ 600,000 jointly and severally against defendant Anopol for her drafting of documents which she should have known where in violation of plaintiff's Constitutional right's and which would deprive plaintiff of his life, liberty, and Property under Equal Protection, and Fourteenth Amendment Due Process.

3. $ 700,000 severally against defendant Conte for his failure as an attorney not to inform Plaintiff once he became aware that he was being retained for the sole purpose of his Virginia license by an attorney he knew was not able, to practice in Virginia in violation of plaintiff's Sixth Amendment right to competent Counsel in violation of the United States Constitution.

E. Award punitive damages in the following amounts:

1. $ 300,000 each against defendants Pond, Conte, Anopol;

2. $ 200,000 against defendant Conte;

3. $ 100,000 against defendant Anopol.

F. Grant such other relief as it may appear that Plaintiff is entitled.

Date 8-7-07

Respectfully Submitted

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS<br>ARNOLD L. JACKSON<br><br>(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _88868_<br>(EXCEPT IN U.S. PLAINTIFF CASES)<br><br>PRO SE (PX)<br><br>(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | DEFENDANTS<br>Billy Ponds, et al<br><br>COUNTY OF RESIDENCE OF FIRST LISTED DEFANDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br><br>Case: 1:08-cv-00025<br>Assigned To : Robertson, James<br>Assign. Date : 1/7/2008<br>Description: Pro Se General Civil<br><br>JURY ACTION |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff  
☒ Federal Question (U.S. Government Not a Party)  
☐ 2 U.S. Government Defendant  
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ☐ E. *General Civil (Other)* OR ☒ F. *Pro Se General Civil* |
|---|

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☒ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act<br><br>- 0 - |

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES   ☒ NO   If yes, please complete related case form.

DATE 1.7.08    SIGNATURE OF ATTORNEY OF RECORD   NeD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

