**FILED**

JAN - 7 2008

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

ARNOLD L. JACKSON - Pro-se
        Plaintiff,

                :    Case No.    **08 0025**

                      **ASSUMPSIT CIVIL ACTION**

        V.               :

BILLY L. PONDS, et,al           **Civil Rights Complaint**
THE PONDS LAW FIRM       **Pursuant to 42 U.S.C. § 1983**
3218 O Street, N.W.      :
Suit - Two (2)
Washington, D.C. 20007

                 :    **Jury Trial Demanded**

    and

MICHELLE ANAPOL
THE PONDS LAW FIRM
3218 O. Street
Suit - (2)
Washington, D.C.

    and

JOSEPH CONTE, Esq.
400 Seventh Street, N.W.
Suit - 400
Washington, D.C. 2004-2206

        Defendants

## MOTION FOR THE APPOINTMENT OF COUNSEL

 Plaintiff Arnold L. Jackson, Pro-se respectfully request this court
pursuant to § 1915, request this court to appoint counsel to represent
him for the following reasons:

( 1 )

4

1. The Plaintiff is unable to afford counsel.

2. The issues involved in this case are complex.

3. The plaintiff is presently on Writ and has extremely limited access to the law library.

4. The Plaintiff has a limited knowledge of the law.


Date 8-7-07

Arnold L. Jackson  Pro-Sc
F.C.I Allenwood
P.O. Box 2000
White Deer, PA   17887

(2)

UNITED STATES DISTIRCT COURT FOR THE
DISTRICT OF COLUMBIA

ARNOLD L. JACKSON- Pro-se      :     Case No. _____
           Plaintiff

                                **ASSUMPSIT CIVIL ACTION**

    v.                      :

BILLY L. PONDS,  et,al.
THE PONDS LAW FIRM
                     :       **CIVIL RIGHTS COMPLAINT**

    AND

MICHELLE ANAPOL, et,al         :         **Jury Trial Demanded**

    AND                   :

JOSEPH CONTE, Esq. et,al.

      Defendants.

MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S
MOTION FOR THE APPOINTMENT OF COUNSEL

Statement of the case

This is a civil rights case filed under 42 U.S.C. § 1983 for Assupsit
civil Action by a federal prisoner and asserting claims for the un-
constitutional misuse of Power, the denial of due process, deceit,
misrepresentation, Fraud, and Malpractice. The plaintiff seeks
damages as to all claims and an injuction to ensure plaintiff is
reembursed his monies and property.

Statement of Facts

The complaint alleges that the plaintiff was Fraudently mislead by
retained counsel Billy L. Ponds **that** he could effectively represent

08 0025
**FILED**

JAN - ? 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

the plaintiff in a Federal Felony case in the Western District of
Virginia, which counsel Ponds knew he was not licensed to practice
in the State of Virginia and never informed the plaintiff of this
fact instead the defendant took plaintiff's monie's and hired the
assistance of defendant Conte who was licensed to practice in the
State of Virginia who also never informed plaintiff he had been
retained by Ponds with plaintiff's money and again never informed
by either counsel, furthermore, Ms. Anopol drafted the agreement
between plaintiff and defendant ponds knowing that Ponds was not
able to represent plaintiff in another state outside the District
of Columbia and further, conspired to deceit, cheat, steal the
plaintiff's property.

<u>ARGUMENT</u>

<u>THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF</u>

In deciding whether to appoint counsel for an indigent, the court
should consider "the factual complexity of the case, the ability
of the indigent to investigate the facts, the existence of confli-
cting testimony, the ability of the indigent to present his claim
and the complexity of the legal issues. " <u>Abdullah</u> v. <u>Gunter</u>, 949
F. 2d 1032, 1035 (8th Cir. 1991). In addition, courts have suggested
that the most important factor is whether the case appears to have
merit. <u>Cooper</u> v. <u>A. Sargenti Co.</u>, 877 F. 2d 170, 173 (2d Cir. 1989).
Each of those factors weighs in favor of appointing counsel in this
case.

1. <u>Factual complexity</u>.

The plaintiff alleges that several attorney's have violated his
constitutional rights, while others stood by and watched. He chall-
enges the denial of his Sixth Amendment and Fourteenth Amendment
rights to Equal And Due Process. The sheer number of Professional
attorney's makes this a factually complex case.

( 2 )

In addition, one of the plaintiff's claims involves the denial of the effective assistance of counsel; it will probabably be necessary to present a legal Professional expert witness or to cross examine legal witnesses called by the defendant, or both. The presence of legal or other issues requiring expert testimony supports the appointment of counsel. <u>Moore</u> v. <u>Mabus</u>, 976 F.2d 268,272 (5th Cir. 1992); <u>Jackson</u> v. <u>County of McLean</u>, 953 F.2d 1070,1073 (7th Cir. 1992); <u>Tucker</u> v. <u>Randall</u>, 948 F. 2d 388,392 (7th Cir. 1991).


2. <u>The plaintiff's ability to investigate</u>.

The plaintiff is presently incarcerated and has no ability to investigate the facts. <u>Tucker</u> v. <u>Randall</u>, 948 F. 2d 388, 391-92 (7th Cir. 1991). In addition, this case will require considerable discovery.


3. <u>Conflicting testimony</u>.

The plaintiff's account of counsel's misconduct, deceit, and malpractice is squarely in conflict with the Statements of both attorney's. This aspect of the case will be a credibility contest between the defendants and the plaintiff. The existence of these credibility issues support the appointment of counsel. <u>Gatson</u> v. <u>Coughlin</u>, 679 F. Supp. 270,273 (W.D.N.Y. 1988)


4. <u>The ability of the indigent to present his claim</u>.

The plaintiff is an indigent prisoner with no legal training, a factor that supports the appointment of counsel, <u>Whisenant</u> v. <u>Yuam</u>, 739 F.2d 160,163 (4th Cir. 1984)

5. <u>Legal complexity</u>.

The number of defendants, some of who are licensed attorney's to Practice law, present a complex legal issue of determining which defendants were sufficiently personally involved in the constitutional violations to be liable. In addition, the plaintiff has asked for a jury trial, which require much greater legal skill than the plaintiff has or can develope. See <u>Abdullah</u> v. <u>Gunter</u>, 949 F. 2d 1032, 1036 (8th Cir. 1991).

6.  <u>Merit of the case</u>.

The plaintiff's allegations, if proved, clearly would establish a constitutional violation. The intentional Misconduct, Fruad, Deceit, and failure to investigate, interview, prepare a defense, clearly states a Sixth Amendment violation <u>Frederick</u> v. <u>United States</u>, 471 A. 2d 427 (D.C. 1991); <u>Strickland</u> v. <u>Washington</u>, 466 U.S. 688 (1984); Powell v. Alabama, 287 U.S. 45 (1932); <u>William</u> v. <u>Taylor,</u> 529 U.S 362-420 (2000). The allegations of Malpractice and violations of the ABA Bar Rule's of Ethical Violations Conduct, Which the supreme court has specifically cited as an example of inneffective assistance of Counsel. <u>Strickland</u> v. <u>Washington</u>, 466 U.S. 688 (1984)


<u>CONCLUSION</u>

For the foregoing reasons, the court should grant the plaintiff's motion and appoint counsel in this case.

Date  8-7-07

Arnold L. Jackson
No. 37500-037

( 4 )

(3)

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

ARNOLD L. Jackson - Pro-se            :
              Plaintiff,                        Case No. _____

                                      :
                                                **ASSUMPSIT CIVIL ACTION**

              v.
Billy L. Ponds, et,al                          **Civil Rights Complaint
       and                            :        Pursuant to 42 U.S.C. § 1983**
Michelle Anapol

                                      :
       and                                     **Jury Trial Demanded**
Joseph Conte, Esq.

                                      :

         Defendants


AFFIDAVIT IN SUPPORT OF THE PLAINTIFF'S
MOTION FOR THE APPOINTMENT OF COUNSEL

ARNOLD L. JACKSON, being duly sworn, depose and says:


1. I am the plaintiff in the above entitled case. I make this
affidavit in support of my motion for the appointment of counsel.


2. The complaint in this case alleges that the plaintiff was
subjected to the ineffective assistance of Counsel, the defendant
breached the contract between the pliantiff and himself, the defendants
violated the plaintiff's Constitutional right's pursuant to the Sixth,
and Fourteenth Amendments or refused to take actions to protect these
rights the defendants commited Fraud, misrepresentation, deceit and
denied the plaintiff of hid liberty, life, property.

3.  This is a complex case because it contains several different legal claims, with each claim involving a different set of defendants.

4.  The case involves Legal issues that may require expert testimony.

5.  The plaintiff has demanded a jury trial.

6.  The case will require discovery of documents and depositions of witnesses.

7. The testimony will be in sharp conflict, since the plaintiff alleges that the defendants Fradulently deprived him of his life, liberty, and property in violation of the Sixth Amendment right to the effective assistance of Counsel.

8. The Plaintiff has only a high school education and has no legal education.

9.  The Plaintiff is serving a prison sentence of 35 years as a result of the complained of violations and often has very limited access to up-dated legal material and has no ability to investigate the facts of the case.

10.  As set forth in the Memorandum of Law submitted with this Motion, these facts, along with the legal merit of the plaintiff's claims, support the appointment of counsel to represent the plaintiff.

   WHEREFORE, the plaintiff's motion for the appointment of counsel should be granted.

Arnold L. Jackson    pro-se
No. 37500-637


Sworn to before me this

___7___ day of __Aug__ , 2007

Romie Davis 295982
Notary Public