UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ARNOLD L. JACKSON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 08-25 (JR) |
| BILLY L. PONDS, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on initial review of plaintiff's *pro se* complaint. *See* 28 U.S.C. § 1915A. The Court will dismiss this civil action without prejudice.

I.  BACKGROUND

Plaintiff retained defendant Billy L. Ponds to represent him in a criminal matter before the United States District Court for the Western District of Virginia. Compl. ¶¶ 9-11. According to plaintiff, Mr. Ponds "fraudulently led [plaintiff] to believe that he was licensed to [p]ractice law in the State of Virginia" when he was not so licensed. *Id.* ¶ 12. Mr. Ponds allegedly did no legal work on plaintiff's criminal case. *Id.* ¶ 21. Instead, Mr. Ponds "appointed" defendant Joseph Conte to represent plaintiff at trial "for the purpose of using [Mr. Conte's] license in the Federal Court in the Western District of Virginia." *Id.* ¶ 19. In order to pay for Mr. Ponds' services, plaintiff not only paid $28,800 but also assigned his interest in real property in Camp Springs, Maryland by executing a quitclaim deed and related documents. *Id.* ¶¶ 12-14.

Documents related to these transactions allegedly were prepared by defendant Michelle Anapol. *Id.* ¶ 18.  Plaintiff was convicted of various offenses, *see United States v. Newton*, 141 Fed. Appx. 114, Nos. 03-4534, 03-4541, 03-4542, 03-4631, 03-4660, 2005 WL 1793717, at *6 (4th Cir. July 29, 2005) (per curiam) (affirming plaintiff Jackson's conviction, vacating his sentence, and remanding for further proceedings), *cert. denied sub nom. Jackson v. United States*, 127 S.Ct. 744 (2006), and currently is serving a prison sentence at a federal correctional institution in Pennsylvania.  Compl. at 1.

Generally, plaintiff brings this action under 42 U.S.C. § 1983 ("Section 1983") and also raises claims of "[]Breach of Contract[], Malpractice, Fraud, Unauthorized Practice of Law, Misconduct by engaging in dishonesty, deceit, and Misrepresentation in Violation of the plaintiff's Fifth, Sixth, Eighth, [and] Fourteenth Amendments . . . to the United States Constitution."  Compl. at 2.  Insofar as plaintiff brings a civil rights claim against individuals, the Court presumes that he proceeds under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  He demands declaratory judgment and injunctive relief, as well as compensatory and punitive damages.  *Id.* at 11-12.

## II.  DISCUSSION

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), a district court may "dismiss, *sua sponte* and prior to service of process, a complaint that fails to state a claim," and this authority enables the court to "curb the flood of prisoner lawsuits, spare the government the expense of serving parties, and save defendants the trouble of answering meritless complaints."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  "The moment the complaint is filed, it is subject to review under § 1915(e)(2)[,]" and the complaint "must be dismissed if it falls within the requirements of §

1915(e)(2) when filed." *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997).  In this case, the Court concludes that plaintiff's complaint fails to state a claim upon which relief can be granted.

"To state a claim under [S]ection 1983, a plaintiff must allege both (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the defendant acted 'under color of' the law of a state, territory or the District of Columbia." *Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)), *cert. denied*, 503 U.S. 967 (1992); *West v. Atkins*, 487 U.S. 42, 48 (1988).  Assuming without deciding that plaintiff adequately alleges the violation of constitutional rights, his civil rights claim fails on the second element.  None of the named defendants is a "state actor" for purposes of Section 1983.  "In their capacities as representatives of a client in court, private counsel do not act under color of state law."[1]  *McCord v. Bailey*, 636 F.2d 606, 613 (D.C. Cir. 1980), *cert. denied*, 451 U.S. 983 (1981); *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975) (attorney "did not act 'under color of law,' but merely in the capacity of a private attorney then representing [plaintiff] in state criminal proceedings"); *Rodriguez ex rel. Rodriguez-Hazbun v. Nat'l Ctr. for Missing & Exploited Children*, No. 03-120, 2005 WL 736526, at *10 (D.D.C. Mar. 31, 2005) (concluding that attorneys at law firms were "private actors not acting under the color of federal law, and thus are not proper *Bivens* defendants"), *aff'd*, 2005 WL 3843612 (D.C. Cir. Oct 14, 2005), *cert. denied*, 547 U.S. 1106 (2006); *cf. Polk County v. Dodson*, 454 U.S. 312,

---

[1] Review of this Court's records shows that defendants Ponds and Conte are members of the Bar of this Court and of the District of Columbia Bar.  *See, e.g., Baker v. Henderson*, 150 F. Supp. 2d 13, 15 (D.D.C. 2001) (noting that court may take judicial notice of court records).

318 (1981) (noting that "the Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983"). Plaintiff's civil rights claim, therefore, will be dismissed.

With the dismissal of plaintiff's civil rights claim, the only claim over which this Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over plaintiff's breach of contract and tort claims. *See* 28 U.S.C. § 1367(c)(3); *Byrd v. District of Columbia*, 297 F. Supp. 2d 136, 143 (D.D.C. 2003) (dismissing common law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3) after granting summary judgment as to both defendants on plaintiff's Section 1983 claims), *aff'd sub nom. Byrd v. Gainer*, No. 03-7196, 2004 WL 885228 (D.C. Cir. Apr. 26, 2004); *Griffin v. Acacia Life Ins. Co.*, 151 F. Supp. 2d 78, 82 (D.D.C. 2001) (declining to exercise supplemental jurisdiction over plaintiff's District of Columbia Human Rights Act and negligent supervision claims after dismissal of employment discrimination claim brought under federal statute); *Pryor-El v. Kelly,* 892 F. Supp. 261, 268 (D.D.C. 1995) (after dismissing prisoner's Eighth Amendment claim, court declined to exercise supplemental jurisdiction over claims under District of Columbia Code provisions).

### III.  CONCLUSION

Plaintiff fails to state a civil rights claim upon which relief can be granted, and with the dismissal of this federal claim, the Court dismisses his contract and tort claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3). An Order consistent with this Memorandum Opinion will be issued separately.

JAMES ROBERTSON
United States District Judge